UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WYNDHAM VACATION OWNERSHIP, INC., et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) No. 3:18-cv-01399 |
| VACATION TRANSFERS UNLIMITED, LLC, et al., | ) ) ) ) |
| Defendants. | ) ) |

# ORDER

In an Order filed April 19, 2019 (Doc. No. 37), Magistrate Judge Frensley granted Plaintiffs' Motion to Disqualify Aubrey Givens and Kristin Fecteau Mosher (Doc. No. 24) from representing Defendants Charles Simerka and Mortgage Wellness Solutions, LLC d/b/a Legal Timeshare Aid ("LTA") in this action. The basis for the ruling was that those attorneys could be essential witnesses under Rule 3.7(a) of the Tennessee Rules of Professional Conduct regarding key disputed issues that form the basis for Plaintiffs' claims. Simerka, proceeding *pro se* has filed an "Objection to Magistrate's Ruling Disqualifying Counsel and Appeal to Circuit [sic] Court Judge." (Doc. No. 40).

Appeals from a Magistrate Judge's Order are reviewed under Rule 72(a) of the Federal Rules of Civil Procedure, and this includes Orders disqualifying counsel because they are nondispositive. O'Hanlon v. AccessU2 Mobile Sols., LLC, No. 18-CV-00185-RBJ-NYW, 2019 WL 1081079, at *4 (D. Colo. Jan. 22, 2019); Franklin v. Regions Bank, No. CV 5:16-1152, 2018 WL 2449208, at *2 (W.D. La. May 31, 2018); Munson Hardisty, LLC v. Legacy Pointe Apartments, LLC, No. 3:15-CV-547-TAV-HBG, 2017 WL 2345571, at *1 (E.D. Tenn. May 30, 2017); Harper v. Everson, No. 3:15-CV-00575-JHM, 2016 WL 9149652, at *2 (W.D. Ky. May 5, 2016). Under the Rule, a

nondispositive order may be modified or set aside of it "is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

Notwithstanding the limited standard of review, this Court finds that, on the present record, the Order from Magistrate Judge Frensley must be set aside. The only thing supporting Plaintiffs' request for disqualification are allegations in the Complaint, and unverified exhibits that seem to support those allegations. Those allegations, however, are denied by Simerka, or at least called into question by his responsive filings.

Particular care must be taken in the context of motions to disqualify because "'the ability to deny one's opponent the services of capable counsel[ ] is a potent weapon,' Manning v. Waring, Cox, James, Sklar & Allen, 849 F.2d 222, 224 (6th Cir.1988), that can be 'misused as a technique of harassment.' Kitchen v. Aristech Chem., 769 F. Supp. 254, 257 (S.D. Ohio 1991)." Moses v. Sterling Commerce (Am.), Inc., 122 F. App'x 177, 183 (6th Cir. 2005). Although "a decision for disqualification does not necessarily require an evidentiary hearing," at a minimum, "a court's factual inquiry must be 'conducted on affidavits and documents that would be acceptable under Rule 56(e).'" In re Mechem, 880 F.2d 872, 875 (6th Cir. 1989) (General Mill Supply Co. v. SCA Services, Inc., 697 F.2d 704, 710 (6th Cir.1982)). Furthermore, "[a] decision to disqualify counsel must be based on a factual inquiry conducted in a manner which will afford appellate review." S.D. Warren Co. v. Duff-Norton, 302 F. Supp. 2d 762, 767 (W.D. Mich. 2004) (quoting General Mill Supply Co., 697 F.2d at 710); accord Republic Servs., Inc. v. Liberty Mut. Ins. Co., No. CIVA 03-494 KSF, 2006 WL 3004014, at *6 (E.D. Ky. Oct. 20, 2006).

Here, the Court has no basis for concluding that the Motion to Disqualify is being misused. By the same token, the record is bereft of *evidentiary* support for Plaintiffs' request.

Accordingly, Magistrate Judge Frensley's Order (Doc. No. 37) granting Plaintiffs' Motion to Disqualify Aubrey Givens and Kristin Fecteau Mosher (Doc. No. 24) is **VACATED** and this matter is **RETURNED** to Magistrate Frensley for the development of an evidentiary record, to include an evidentiary hearing, if appropriate.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES JUDGE